UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SARAH HODGES and LAURA HODGES, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | 1:08-cv-08-WTL-DML |
| ) | |
| INDIANAPOLIS METROPOLITAN ) | |
| POLICE DEPARTMENT, et al., ) | |
| ) | |
| Defendants. ) | |

### ENTRY ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

This cause is before the Court on a motion for summary judgment filed by Defendants Indianapolis Metropolitan Police Department ("IMPD") and Marion County Sheriff's Department ("MCSD") (dkt. #30). The motion is fully briefed, and the Court, being duly advised, **GRANTS** the motion for the reasons set forth below.

*Factual Background*

The facts viewed in the light most favorable to the Plaintiffs as the non-moving parties are as follow. On January 13, 2006, Plaintiff Laura Hodges and her daughter, Plaintiff Sarah Hodges, arrived at Laura's home and found that Indianapolis animal control officers were there to take custody of Laura's dogs. Two IMPD officers were there with the animal control officers to assist in serving a summons on Laura. When the Plaintiffs arrived on the scene and began to vehemently object to the activity of the animal control officers, the two police officers attempted to take control of the situation, asking Sarah for identification-related information, including her date of birth and social security number. When the officer indicated that he would arrest her if she refused to cooperate, she responded loudly and negatively, leading to the officer's attempt to

handcuff her and a subsequent physical struggle involving both of the Plaintiffs and the two officers.

Following the altercation, both Plaintiffs were arrested for battery and resisting a police officer, with Sarah also being charged with disorderly conduct and refusal to identify. Both Plaintiffs were taken to the Marion County Jail and later charged by the prosecutor; the charges were dismissed at the time of trial because the key police witness was unavailable to testify.

Sarah Hodges alleges that as a result of her struggle with the police officers she suffered severe bruising, contusions, abrasions and psychological injury. In addition, one of the officers also sprayed her in the face with a chemical, causing her great discomfort and facial swelling. She asserts that she requested but was denied medical assistance, although she does not indicate to whom she made her request and the jail has no record of her seeking any medical assistance while incarcerated.

Laura Hodges is asthmatic who had just been released from the hospital for an acute asthma attack prior to her arrest. She informed the nurse at the jail during her initial medical screening that she required breathing treatments every four hours, asthma medication, and an inhaler, and also that she was having trouble breathing during the exam. Despite that initial request and numerous subsequent requests for emergency medical assistance and general medical care, she received none during the six days she was incarcerated.

### *Discussion*

The Plaintiffs' complaints contain counts asserting claims pursuant to 42 U.S.C. § 1983,

42 U.S.C. § 1985(3), and several tort claims. To say that the Plaintiffs' complaints[1] are not models of clarity is an understatement, and the Plaintiffs' brief in response to the instant motion does nothing to elucidate the nature of the Plaintiffs' claims. The Defendants have moved for summary judgment on each Plaintiff's complaint in its entirety.

Federal Rule of Civil Procedure 56(c) provides that summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment, the admissible evidence presented by the non-moving party must be believed and all reasonable inferences must be drawn in the non-movant's favor. *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009). However, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007). Finally, the non-moving party bears the burden of specifically identifying the relevant evidence of record, and "the court is not required to scour the record in search of evidence to defeat a motion for summary judgment." *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001).

With this standard in mind, each of the Plaintiffs' claims will be addressed, in turn, below.

---

[1] Each Plaintiff filed her own case; the two cases have been consolidated under this cause number.

*§ 1983 Claims*

Based upon the allegations in the Plaintiffs' complaints, the Court presumes that they assert claims pursuant to § 1983 based upon both the actions of the IMPD officers (e.g. excessive force and false arrest) and the failure of MCSD personnel to provide necessary medical care. Although the Plaintiffs' complaints reference the "Defendant Officers" numerous times, in fact the Plaintiffs have not sued the individual IMPD officers who arrested them, but rather have sued their employer, the IMPD.[2] The Plaintiffs appear to believe that the IMPD and the MCSD can be held liable for the actions of their officers and other employees through a respondeat superior theory, as each complaint asserts:

> At all material times, Defendant Officers were servants, agents and employees of Codefendant, Municipality, so that their acts are imputed to the Municipality. Defendant Officers were acting pursuant to specific orders and directives from the Municipality and the Municipality provided each of them with an official badge and identification card with [sic] designated and described its bearer as superintendent or police officer of the Department, respectively.

While that might be the case for certain tort claims, a governmental entity may not be held liable for unconstitutional acts under a *respondeat superior* theory, but rather is liable for those acts only if they were carried out pursuant to an official custom or policy. *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978); *see also Lewis v. City of Chicago*, 496 F.3d 645, 656 (7th Cir. 2007) (citation omitted) ("Misbehaving employees are responsible for their own conduct, units of local government are responsible only for their policies rather than misconduct by their workers."). Therefore, in order to survive summary judgment on a § 1983 claim against a

---

[2] The Defendants correctly point out that the IMPD is not a suable entity under Indiana law. However, as discussed later in this Entry, the Plaintiffs have also sued (at least arguably so) the City of Indianapolis, and therefore the Court will consider the claims asserted against the IMPD as claims against the City.

governmental entity, a plaintiff "must present evidence demonstrating the existence of an official policy, widespread custom, or deliberate act of a . . . decision-maker of the municipality or department." *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008) (citations and internal quotation marks omitted). In addition, the plaintiff must show that the official policy or custom was the cause of the alleged constitutional violation-the "moving force" behind it. *Id.*

In this case, the Plaintiffs have failed to submit any evidence at all that would support a finding that a policy of either the IMPD or the MCSD caused the constitutional violations they allege. Indeed, the Plaintiffs have failed even to articulate any such policy. The closest they come is their argument in their brief that "Plaintiffs within their complaint(s) allege that the actions of the defendants were in keeping and or [sic] under color of "customs and usage" of the entities of which they are part of [sic]. As they were veterans [sic] officers trained by the same entity it is reasonable that they would be carry [sic] out their actions in a manner consistent with their training and experience . . . ." However, "[a]rgument is not evidence upon which to base a denial of summary judgment," *Scherer v. Rockwell Int'l Corp.*, 975 F.2d 356, 361 (7th Cir. 1992), and it is clear that vague and unsupported allegations that the individual officers' actions were consistent with some unspecified policy of their employers are not sufficient to defeat the employers' motion for summary judgment.

## § 1985(3) claims

In addition to their § 1983 claims based upon the actions of individual officers, Plaintiffs assert a claim pursuant to 42 U.S.C. § 1985(3), alleging a conspiracy on the part of the officers to deprive them of their constitutional rights. A § 1985(3) conspiracy requires an agreement between two or more persons to take actions intended to deprive a person of the equal

protections of the law. *See Keri v. Board of Trustees of Purdue University,* 458 F.3d 620, 642 (7th Cir. 2006). The Plaintiffs' conspiracy claim fails for several reasons, the most obvious of which is that they point to absolutely no evidence that even suggests that either the officers at the scene or the employees at the jail had any such agreement. Without such evidence, the Plaintiffs cannot survive summary judgment.[3]

*State Law Claims*

The Plaintiffs' complaints can be read to assert three claims under Indiana law: assault and battery (Count II); breach of "a duty owed to Plaintiff" (Count IV); and negligent training of the officers and jail personnel (Count V). The Court's jurisdiction over these claims is based upon 28 U.S.C. § 1367, which provides for the exercise of supplemental jurisdiction over claims based upon state law that are closely related to the federal claims in a case. However, "[w]hen the federal claim in a case drops out before trial, the presumption is that the district judge will relinquish jurisdiction over any supplemental claim to the state courts." *Leister v. Dovetail, Inc.*, 546 F.3d 875, 882 (7th Cir. 2008). There are exceptions to that general rule, one of which is that the court should decide the merits of a supplemental state claim when it is "absolutely clear" how the state claims should be decided. *Davis v. Cook County*, 534 F.3d 650, 654 (7th Cir. 2008). As the brief discussion below demonstrates, this exception applies here, and therefore the Court will resolve the Plaintiffs' state law claims.

First, the Plaintiffs make no effort in their complaints or their response brief to explain

---

[3] The Court notes that the Plaintiffs also fail "to allege that there was some racially (or otherwise discriminatorily) motivated animus behind the defendants' actions. In a § 1985 case, such an omission dooms a plaintiff's claim." *Payton v. Rush-Presbyterian-St. Luke's Medical Center*, 184 F.3d 623, 632 (7th Cir. 1999).

-6-

what "duty" they believe the Defendants breached or the basis of their purported cause of action for that breach. Therefore, the Plaintiffs have effectively abandoned that claim, and the Defendants are entitled to summary judgment on it.[4] Similarly, the Plaintiffs make no effort to explain the factual or legal bases for their negligent training claim and have failed to submit any evidence that would support such a claim. Thus, the Defendants are entitled to summary judgment on that claim as well.

Finally, with regard to their allegation that the officers committed assault and battery, the Plaintiffs again fail to present any evidence to support their claim.[5] Indiana Code 35-41-3-3(b) provides, in relevant part, that a "law enforcement officer is justified in using reasonable force if the officer reasonably believes that the force is necessary to effect a lawful arrest." This statute essentially codifies the Fourth Amendment objective reasonableness standard. *O'Bannon v. City of Anderson*, 733 N.E.2d 1, 3 (Ind. App. 2000). "The excessive force claim must be evaluated from the perspective of the reasonable officer on the scene, rather than with the 20/20 vision of

---

[4]The Plaintiffs' brief does mention "false arrest or imprisonment," and although the Plaintiffs make no cognizable argument regarding such a claim, the Court notes that a false arrest is an arrest made without probable cause, *Miller v. City of Anderson,* 777 N.E.2d 1100, 1104 (Ind. App. 2002), and the Defendants have submitted evidence–in the form of the probable cause affidavits of the officers–that supports their assertion that probable cause existed to support the Plaintiffs' arrests. The Plaintiffs' general assertions in their affidavits that they did not commit "any unlawful act requiring the actions of the officers" are insufficient to create a genuine issue of material fact on this issue, as they do not refute any of the specific facts alleged in the officers' affidavits.

[5]The Court notes that the Defendants argue that they are immune from this claim pursuant to the Indiana Tort Claims Act ("ITCA"). That appears to be an incorrect statement of Indiana law. *N.J. ex rel. Jackson v. Metropolitan School Dist. of Washington Tp.*, 879 N.E.2d 1192, 1197 (Ind. App. 2008) ("As Ind.Code § 35-41-3-3 creates a statutory duty to use reasonable force in arresting a person, officers are not immune from such a claim under ITCA.").

hindsight. Factors to be considered in determining the appropriate amount of force include the severity of the crime involved, whether the suspect is an immediate threat to the officers, and whether the suspect is attempting to resist or evade arrest." *Id.* (citations omitted). The Plaintiffs' affidavits in this case–the only actual evidence they submit in opposition to the instant motion for summary judgment–do not contain any facts relating to the events surrounding their arrest and therefore do not provide any facts from which a reasonable jury could conclude that the officers used excessive force. While their complaints do include some relevant facts, "[t]he mere allegations of a complaint may not be relied upon to defeat a properly supported motion for summary judgment." *Albiero v. City of Kanakee*, 246 F.3d 927, 932 (7th Cir. 2001). Inasmuch as the Defendants have submitted the probable cause affidavits of the officers, which clearly describe a situation in which no excessive force was used, and the Plaintiffs have not submitted any evidence to refute the officers' descriptions, the Defendants are entitled to summary judgment on the Plaintiffs' claim for assault and battery.

### *City-County Defendant*

One final matter must be addressed. The caption of each complaint lists as defendants the following entities: "Indianapolis Metropolitan Police Department, f/k/a Indianapolis Police Department," "Marion County Sheriff's Department," and "County of Marion-City of Indianapolis." Defense counsel entered an appearance and filed an answer on behalf of "the Defendants, Indianapolis Metropolitan Police Department, Marion County Sheriff's Department, and County of Marion-City of Indianapolis." Inexplicably, the motion for summary judgment was filed on behalf of IMPD and MCSD, with no mention of the third defendant. However, inasmuch as all of the allegations in the Plaintiffs' complaints relate to act or omissions by either

police officers employed by IMPD or jail personnel employed by MCSD, it is clear that the "County of Marion-City of Indianapolis" defendant was named simply as another municipal entity to which liability might be imputed for the conduct of the officers and/or jail personnel. Therefore, all of the reasoning set forth above applies equally to the "County of Marion-City of Indianapolis," to the extent that is actually a viable defendant, and the Court therefore grants summary judgment on behalf of that defendant as well.  *See Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 384-85 (7th Cir. 2008) ("if a district court grants one defendant's motion for summary judgment, it may sua sponte enter summary judgment in favor of non-moving defendants if granting the motion would bar the claim against those non-moving defendants." (citing *Malak v. Associated Physicians, Inc.*, 784 F.2d 277, 280 (7th Cir.1986).

## *Conclusion*

For the reasons set forth above, summary judgment is **GRANTED** in favor of all of the Defendants on all of the Plaintiffs' claims.

SO ORDERED:   07/09/2009

_____
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to:

Jonathan Lamont Mayes
City of Indianapolis, Corporation Counsel
jmayes@indygov.org

Justin F. Roebel
City of Indianapolis, Corporation Counsel
jroebel@indygov.org

Richard G. McDermott
City of Indianapolis, Corporation Counsel
rmcdermo@indygov.org

Ralph L. Tambasco
Tambasco & Associates
tambascolawpc@aol.com